IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH OMURWA (A#205214103) and RONALD LUHUMUZYA KAIJAGE (A#095534254), | § § § § § | |
| Petitioners, | § § | |
| V. | § § | No. 3:19-cv-607-N-BN |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Three detainees at the Prairieland Detention Center – Kudakwashe Bumhiko, Kenneth Omurwa, and Ronald Luhumuzya Kaijage – filed a joint *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging their continued detentions. *See* Dkt. No. 3. And the Court received a $5.00 filing fee, apparently from Bumhiko.

The Court ordered each petitioner to, by April 18, 2019, file a separate Section 2241 petition and, as applicable, either pay the $5.00 filing fee or move for leave to proceed *in forma pauperis*. *See* Dkt. No. 4 (the "NOD," noting that "[t]here is no authority for permitting multiple petitioners to file one single petition for habeas corpus relief" (quoting *Yancey v. Corbett*, No. 07-cv-1251, 2007 WL 1149884, at *1 (E.D. Pa. Apr. 12, 2007))). Bumhiko filed an amended petition. *See* Dkt. No. 6. But both Omurwa and Kaijage failed to do so or otherwise contact the Court in the now more than four months since the deadline to comply with the NOD.

The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2241 claims asserted by Omurwa and Kaijage without prejudice under Federal Rule of Civil Procedure 41(b).

**Legal Standards and Analysis**

The rules governing 28 U.S.C. § 2254 proceedings generally apply to proceedings under Section 2241. *See* RULE 1(b), RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. And like all rules in the Federal Rules of Civil Procedure, Rule 41 generally applies to habeas proceedings under Sections 2241 and 2254. *See* RULE 12, RULES GOVERNING SECTION 2254 IN THE UNITED STATES DISTRICT COURTS.

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua

sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the NOD, both Omurwa and Kaijage have prevented this action from proceeding as to their claims. And, by so doing, each has failed to prosecute his lawsuit and also failed to obey a court order. A Rule 41(b) dismissal of this lawsuit as to their claims without prejudice is warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as either Omurwa or Kaijage decides to comply with the Court's directives. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice as to the claims asserted by Omurwa and Kaijage. *Cf. Kaijage v. Johnson*, No. 3:19-cv-294-S-BN, 2019 WL 2290001 (N.D. Tex. Apr. 17, 2019), *rec. accepted*, 2019 WL 2287858 (N.D. Tex. May 29, 2019) (denying similar Section 2241 petition filed by Kaijage)

## Recommendation

The Court should dismiss the 28 U.S.C. § 2241 claims asserted by Petitioners Kenneth Omurwa, and Ronald Luhumuzya Kaijage without prejudice under Federal

Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE